UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| MAREK A. KWASNIK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   Civil No. 04-260-P-S |
| BARBER FOODS, INC., | ) |
| STEVEN BARBER and | ) |
| GREGORY BURGESS, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDED DECISION ON DEFENDANTS' MOTIONS TO DISMISS**
**(Docket No. 4 & 9)**
**AND MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO AMEND**
**and**
**PRO SE MOTION FOR DEFAULT OR SUMMARY JUDGMENT**
**(Docket No. 10 & 11)**

Marek A. Kwasnik maintains that his former employer, Barber Foods, Inc., its President and CEO, and his former supervisor violated his constitutional rights and/or his civil rights by asserting in the context of administrative proceedings related to Kwasnik's application for unemployment benefits that Kwasnik had been terminated from employment for "misconduct," as that term is defined in § 1043 of Title 26, Chapter 13 of the Maine Revised Statutes.  In addition to his federal claims, Kwasnik contends that the defendants are liable to him for defamation.  Following a hearing conducted January 14, 2004, the Maine Department of Labor, Division of Administrative Hearings, credited Barber Foods' assertion of misconduct and disqualified Kwasnik from receiving unemployment benefits from Barber Foods at that time. The Maine State Unemployment Insurance Commission (UIC) subsequently affirmed the determination and Kwasnik petitioned the Maine Superior Court for relief pursuant to Rule 80C

of the Maine Rules of Civil Procedure, which petition appears to still be pending in the Superior Court at this time. To date, the Superior Court has precluded Kwasnik's attempt to join his claims against the defendants with his 80C appeal from the UIC's final administrative action. (Complaint, Docket No. 1, Elec. Attach. 1.) Now pending is the defendants' joint motion to dismiss Kwasnik's suit. Because Kwasnik's amended complaint fails to allege that the defendants acted "under color of state law" in a non-conclusory fashion, and because Kwasnik waives any employment discrimination claim that might be gleaned from his pleadings, I recommend that the court dismiss with prejudice his federal claims and dismiss without prejudice his state law defamation claim.

## Kwasnik's Allegations

In a complaint filed November 30, 2004, Kwasnik alleges that he was fired from employment at Barber Foods in November 2002 based on bogus critiques entered into his file by his supervisor, Gregory Burgess, and that the real motivation behind the firing was either Kwasnik's Polish national origin or his association with another Polish employee who had sued Barber Foods for alleged civil rights violations. But that experience in itself was not enough to cause Kwasnik to file suit. According to Kwasnik:

> The whole story about Barber Foods employment would have been put well into the past, if it had not been resurfaced when Plaintiff applied for unemployment benefits at the end of 2003, and Barber Foods objected to be chargeable for unemployment insurance in Plaintiff's case, claiming, that Plaintiff committed employment misconduct . . . .

(Complaint, Docket No. 1, at 9.) Because, according to Kwasnik, Barber Foods lied to the hearing officer(s) and the UIC about his employment conduct, Kwasnik has been wrongfully forced to participate in unnecessary hearings and subsequent legal proceedings. His complaint organizes his claims according to defendant: against Burgess he alleges discrimination based on

Kwasnik's country of origin and defamation of character; against Steven Barber he alleges an unidentified claim for failure to override Burgess's decision to fire Kwasnik; and against all defendants, including Barber Foods, he alleges defamation of character. Elsewhere in his complaint, Kwasnik mentions 42 U.S.C. § 1983 as providing the basis for this action. As for relief, Kwasnik requests:

> I. Jury trial for determination of wrongful, purposeful biased intent, biased acts for implementing and/or exercising unlawful Barber Foods practices on part of respective Defendants for clearing Plaintiff character defamation damages.
> II. Order to Maine court(s) to reconsider dismissal of Defendants from state court action with denial of federal claims against them.
> III. Tangible damages, as costs of state court and this court action.
> IV. Any further relief that this Court deems just.

(Id. at 12-13.) The defendants timely moved to dismiss this case, arguing that the defendants are not state actors, that any employment discrimination (Title VII) claim is time barred, and that the defamation claim should be dismissed based on the absence of any federal claims. (Defs. Mot. to Dismiss, Docket No. 4.) In response, Kwasnik filed an amended complaint on December 20, 2004, adding new allegations that the defendants "acted jointly" with state officers in the Maine Department of Labor and/or UIC in accordance with a "scheme of improper entering into state records . . . plaintiff['s] misconduct," and that they "ought to be classified as 'state actors' for purposes of the Fourteenth Amendment Due Process Clause." (Amended Complaint, Docket No. 8, at 3-4.) In another section of his amended complaint, Kwasnik adds:

> There is an ongoing unconstitutional scheme exercised by Maine Department of Labor as one sided administrative proceedings conducted through administrative hearing, customarily utilizing the scheme of siding in any event with the Defendants: by accepting into record as proving of Defendants claims—generated by them notes portraying of and as proving Plaintiff employment misconduct.

(Id. at 11.) The defendants then filed a further "motion to dismiss" (or strike) the amended complaint, arguing that leave to amend should not be granted, based on the futility of the

3

proposed amendments, and, in the alternative, that the amended complaint still does not set forth a federal claim.  (Docket No. 9.)  Kwasnik has opposed that motion with a motion to amend (Docket No. 10) (docketed only as a response in opposition to the motion to dismiss the amended complaint) and also a request for the entry of default or summary judgment against the defendants for failing to answer his amended complaint (Docket No. 11).  Despite the order in which these last papers were filed, I will treat the motion to dismiss the amended complaint as an opposition to Kwasnik's motion to amend, rather than as a second dispositive motion.

## Discussion

Following a comprehensive review of the papers, it is apparent that this is no federal case.

**A.**     ***Kwasnik has waived any employment discrimination claim that might be gleaned from his pleadings.***

In the body of his opposition memorandum Kwasnik waives any claim for employment discrimination based on his 2002 termination, conceding that the limitation period has run:

> Plaintiff is not seeking now relief under statutes claiming cause of action under national origin employment discrimination per 42 U.S.C. § 2000e-2(a)(1); 5 M.R.S.A. § 4572(1)(A).
> Plaintiff is only alleging employment discrimination as a factual basis which further engendered damages in form of improper entering into state records of Plaintiff misconduct.  That further entering as a damage, and defamation of character are claims upon which relieves are being sought, not an initial one which statutes of limitation have expired for.

(Id. at 9.)  Accordingly, Kwasnik has no federal employment discrimination claim.

**B.**     ***Kwasnik's allegations of conspiracy are wholly conclusory and fail to allege facts tending to establish that the defendants acted under color of state law.***

In their initial motion to dismiss, the defendants argued that Kwasnik had not stated a § 1983 rights claim against them because they were not state actors.  (Docket No. 4 at 4.)  In response, Kwasnik has sought to amend his complaint to allege that the defendants conspired

4

with the state agencies that reviewed his application for unemployment benefits. Kwasnik argues in his "motion for leave to amend" that the law recognizes that "acts by a nominally private individual or entity may comprise state action [if] the private party . . . is willingly engaged in joint action with the government." (Id. at 10, quoting Logiodice v. Trustees of Maine Central Institute, 296 F.3d 22, 26 (1st Cir. 2002).) According to Kwasnik, the civil rights action set forth in his amended complaint should not be dismissed because it "alleges Defendants joint participation with Maine officials in unlawful policies and scheme of entering misconduct into state records." (Docket No. 10 at 3.)

> In civil rights actions, as in the mine-run of other cases for which no statute or Federal Rule of Civil Procedure provides for different treatment, a court confronted with a Rule 12(b)(6) motion "may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."

Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 66 (1st Cir. 2004) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) and describing Swierkiewicz v. Sorema N. A., 534 U.S. 506 (2002), as sounding "the death knell for the imposition of a heightened pleading standard except in cases in which either a federal statute or specific Civil Rule requires that result). Nevertheless, in considering motions to dismiss courts should continue to "eschew any reliance on bald assertions, unsupportable conclusions, and opprobrious epithets." Chongris v. Bd. of Appeals, 811 F.2d 36, 37 (1st Cir. 1987) (citation and internal quotation marks omitted). Such eschewal is merely an application of Rule 8(a)(2), not a heightened pleading standard uniquely applicable to civil rights claims. See Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52-53 (1st Cir. 1990) (treating the general no-bald-assertions standard as distinct from a heightened pleading standard); Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988) ("Modern notions of 'notice pleading' notwithstanding, a plaintiff . . . is nonetheless required to

set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.").

With respect to Kwasnik's assertions that these defendants participated in a conspiracy with state officials to deprive him of unemployment benefits or to "enter[] misconduct into state records" (id.), the "allegations in the complaint directed to conspiracy are wholly conclusory and inadequate, under any pleading standard, to support relief." Pena-Borrero v. Estremeda, 365 F.3d 7, 11 (1st Cir. 2004); see also Priester v. Lowndes County, 354 F.3d 414, 423 n.9 (5th Cir. 2004) ("The allegation of a conspiracy between private and state actors requires more than conclusory statements."). Nothing in Logiodice, Kwasnik's primary cited authority, undermines this conclusion. Although the trial court in Logiodice denied the defendants' motion to dismiss, the facts of that case involved private school administrators who were carrying out the state's obligation to provide the plaintiff student with a public education pursuant to a contract between the private school and the state. 296 F.3d at 26. Furthermore, the First Circuit's opinion affirming the trial court's entry of summary judgment establishes that such facts do not support a finding of state action as a matter of law. Id. at 28-29. Here, Kwasnik merely alleges that the defendants acted jointly with state officials because the state officials credited evidence that the defendants introduced at a hearing. A private party who participates in a contested hearing before a state official is not engaged in joint state action with the state official conducting the hearing merely by dint of the fact that the private party appears and participates in the hearing. See, e.g., Roush v. Roush, 767 F. Supp. 1344, 1352-53 (S.D. W. Va. 1991) (dismissing § 1983 claim brought by ex-husband against ex-wife alleging that she conspired with the West Virginia Department of Human Services by applying for wage suggestions (garnishment) in connection with ex-husband's support obligations); cf. Lugar v. Edmondson Oil Co., 457 U.S. 922, 939 n.21

6

(1982) ("[W]e do not hold today that "a private party's mere invocation of state legal procedures constitutes 'joint participation' or 'conspiracy' with state officials satisfying the § 1983 requirement of action under color of law."). The question is not whether the private defendant participated in an activity with the state, but whether in doing so the private defendant participated in state action that is appropriately "chargeable to the State." Lugar, 457 U.S. at 937. There is no factual basis set forth in Kwasnik's complaint that could support a direct or inferential finding that the defendants participated in any way in the adjudication of Kwasnik's application for unemployment benefits, the state function that was carried out in connection with Kwasnik's application. Nor is there any factual basis set forth in the complaint to support a finding that the denial of Kwasnik's application for unemployment benefits "resulted from concerted action tantamount to substituting the judgment of [the private defendants] for that of the [state official] allowing the private [defendants] to exercise state power." Alexis v. McDonald's Rest., 67 F.3d 341, 352 (1st Cir. 1995).

Because the amended complaint fails to state a claim for which relief may be granted, the proposed amendments are futile. See Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996) ("'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted."). I therefore **DENY** Kwasnik's motion to amend.

C.   *The remaining state law claim should be dismissed without prejudice.*

Kwasnik's complaint fails to set forth any facts or law that would permit this court to exercise original jurisdiction over his remaining state law claim for defamation. Because the defamation claim is merely a pendent state law claim, it would be most appropriate for the court to dismiss it without prejudice, given the nascent stage of this litigation. See Flynn v. City of

Boston, 140 F.3d 42, 48 (1st Cir. 1998); Learnard v. Inhabitants of Van Buren, 182 F. Supp. 2d 115, 126 (D. Me. 2002).

### D.   *Kwasnik's motion for default or summary judgment is meritless.*

In the course of opposing the defendants' dispositive motion, Kwasnik filed his own dispositive motion, seeking an entry of default against the defendants for failing to answer his complaint or, in the alternative, summary judgment on his claims. (Docket No. 11.) Kwasnik misconstrues the Federal Rules of Civil Procedure. Rule 12(b) authorized the defendants to assert by motion their 12(b)(6) defense—that the complaint fails to state a claim for which relief may be granted—"before pleading," i.e., before filing their answer. Furthermore, entry of summary judgment is not called for at this juncture and, even if it were, Kwasnik has not complied with Local Rule 56.

## Conclusion

Because Kwasnik's amended complaint fails to state a claim for relief under any federal civil rights law, the amendments would be futile and I therefore **DENY** Kwasnik's motion to amend contained within his opposition to defendants' Motion to Dismiss Plaintiff's Amended Complaint (Docket No. 10). I also **RECOMMEND** that the court **GRANT** the defendants' motions to dismiss this action (Docket No. 4 & 9) because Kwasnik fails to state a § 1983 claim against the "private" defendants in either his original complaint or his proposed Amended Complaint and fails to set forth any basis for this court to exercise jurisdiction over his remaining state law claim for defamation. As for Kwasnik's own motion for default or for summary judgment (Docket No. 11), it is **MOOTED** by the dismissal of his claims.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to

28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

      Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.


                                                                           /s/ Margaret J. Kravchuk
                                                                          U.S. Magistrate Judge

Dated March 11, 2005